IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY LEE CRESPO, : CIVIL ACTION - LAW
    PLAINTIFF : NO. 20-141 J
: WITH JURY TRIAL DEMAND
v. :
:
WILLIAM JOSEPH HIGGINS :
    DEFENDANT :

COMPLAINT

FILED

JUL 21 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## I. INTRODUCTION

This is a civil action - law, in the above-entitled matter, filed by Barry Lee Crespo, Plaintiff, alleging civil rights violations under the Fourteenth Amendment Due Process of the United States Constitution pursuant to 42 U.S.C. 1983 and Prosecutorial misconduct and fraud upon the court in violation of Federal and State Civil and Criminal Laws.

## II. JURISDICTION

This Court, has proper jurisdiction over Plaintiff's claims of civil rights violations under the Fourteenth Amendment of the Unites States Constitution pursuant to 42 U.S.C. 1983 and Prosecutorial misconduct, fraud upon the court in violation of Federal and State Civil and Criminal Laws and 42 U.S.C. 1331(1) and 1343.

## III. PARTIES

1. The Plaintiff, Barry Lee Crespo, is an inmate at SCI Mahanoy, 301 Morea Rd., Frackville, PA. 17932, at this time and at 602 S. Richard Street, Bedford, PA. 15522 during the events described in this complaint.

2. The defendant, William Joseph Higgins, was the District Attorney of Bedford County during the events described in this complaint, he resides at, 516 Lafayette Avenue, Bedford, PA. 15522, he is sued in his official and individual capacity.

## IV. FACTS

3. Plaintiff avers that, the defendant, was the prosecutor and district attorney of Bedford County prior to and during his trial, conviction and sentencing.

4. Plaintiff avers that, the defendant, conducted himself at trial violating the laws of the State and Federal both Civil and Criminal by presenting a case orchestrated strictly fraudulently.

5. Plaintiff avers that, the defendant, was prior to and during his trial, under investigation for the criminal complaint filed by the victim Karen A. Braman for rape.

6. Plaintiff avers that, the defendant, presented coerced, tainted and false testimony from witnesses, who, he schooled and personally directed prior to and at trial violating the Plaintiff's due process to a fair trial rights and purported a fraud upon the court.

7. Plaintiff avers that, the defendant's actions which, he committed willfully were two-fold. First, in an effort to take the spotlight off his own ongoing sex crime investigation and second, to give the alleged victim in Plaintiff's case an opportunity to get revenge against him not for the false charge of rape but, for his honest and professional work as her youth counselor. Her comments under oath in the transcripts shows her desire to cause him problems, put him in jail for trumped up false charges to as she stated,"I didn't want him up my butt. I don't need Youth Services in my life........." (See Exhibit A).

8. Plaintiff avers that, the defendant, clearly for his own sexual urges, successfully sold "Revenge for sexual favors" which, has been proven to be his modus operandi. (See Exhibit B).

9. Plaintiff avers that, innocent of these charges and because of his tenacity he continued to investigate the defendant and his actions. This culminated into the locating, several news articles showing that indeed the defendant was a deviant sex offender and did it for "Sex for Freedom." (See Exhibit C and C-1).

10. Plaintiff avers that, he, upon pursuing his innocence, secured a copy of the docket of charges and arrest and arraignment of the defendant on April 4, 2018. It shows a litany of charges (31) thirty one in all. Including intimidating witnesses; false misleading testimony; concealing and destroying evidence and several others. (See Exhibit D and D-1)

11. Plaintiff avers that, the defendant's hunger for sexual favors caused him to stop at nothing to gain his wants and needs including committing fraud upon the court.

12. Plaintiff avers that, what the defendant has done to his life are not only violations of his Fourteenth Amendment civil right to due process and prosecutorial misconduct but, pure blatant fraud upon the courts causing him financial and emotional damages that are and will remain irreparable.

## V. CLAIMS FOR RELIEF

13. The actions of violations of the fourteenth Amendment civil rights due process, prosecutorial misconduct and fraud upon the court, causing financial and emotional irreparable damage to Plaintiff, now and in the future, were, willfully, knowledgeably, and deliberately, committed by the defendant.

3

14. Plaintiff avers that, the financial strain he has and is undergoing is irreparable due to the willful acts committed by the defendant.

## VI. LEGAL CLAIMS

15. Plaintiff, re-alleges and incorporates by reference paragraphs 1-14.

16. Plaintiff avers that this willful and clearly blatant violation of his civil rights and prosecutorial misconduct and fraud upon the court, violates his Fourteenth Amendment due process rights and both Federal and State Civil and Criminal Laws as well.

17. Plaintiff, has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured and damaged by the conduct of the defendant unless, this court grants declaratory and injunctive relief which, the Plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief;

A. Issue a declaratory judgment stating that, the financial and emotional injuries and damages to the Plaintiff by the defendant William Joseph Higgins, constitutes, violations of his civil rights under the Fourteenth Amendment due process; prosecutorial misconduct and fraud upon the court of both Federal and State Civil and Criminal Laws.

B. Award compensatory damages as this Court deems equitable and just.

C. Award Punitive damages equal to the years of financial and emotional injuries and damages inflicted by the defendant.

D. Plaintiff, seeks a jury trial on all issues triable by jury.

E. Grant, such other relief as it may appear that Plaintiff is entitled, including attorney fees and costs.

Respectfully submitted this 14th day of July 2020.

X *Barry Lee Crespo*
Barry Lee Crespo
# JD-1371
SCI Mahanoy
301 Morea Road
Frackville, PA. 17932

## VERIFICATION

I, Barry Lee Crespo, certify that all statements averred to in the foregoing are true to the best of my knowledge, information and belief under penalty of perjury.

Date: June 14, 2020

X. *Barry Lee Crespo*
Barry Lee Crespo

## PROOF OF PAYMENT

Enclosed is check #100 applied for Barry Lee Crespo in the case Crespo v. Higgins covering $350.00 for statutory fee, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

Date Submitted; July 14,2020

Respectfully,

*Barry Lee Crespo*
Barry Lee Crespo