IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | | |
|---|---|---|
| BARRY LEE CRESPO, | ) | |
| | ) | |
| Plaintiff, | ) | 3:20-CV-00141-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM JOSEPH HIGGINS, DISTRICT | ) | |
| ATTORNEY OF BEDFORD COUNTY, PA; | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## MEMORANDUM OPINION[1]

**Cynthia Reed Eddy, Chief United States Magistrate Judge.**

This prisoner civil rights action was initiated in this court on July 21, 2020, by *pro se* Plaintiff Barry Lee Crespo, who is incarcerated at SCI-Mahanoy.  In his complaint, Plaintiff has asserted various claims pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, and Pennsylvania state law against Defendant William Joseph Higgins, who was the District Attorney of Bedford County, Pennsylvania. *See* Compl. (ECF No. 1). This Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Presently before the Court is a motion by Defendant to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (ECF Nos. 8, 9).  For the reasons that follow, Defendant's motion to dismiss is granted in part and denied in part.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment.  (ECF Nos. 5, 23).

I.      BACKGROUND

By way of background, on March 13, 2009, Plaintiff was convicted by a jury of numerous charges related to Plaintiff's sexual assault of a minor. Plaintiff was sentenced to an aggregate term of 20 to 40 years of imprisonment.[2] Defendant was the District Attorney who prosecuted Plaintiff's case.

According to Plaintiff, while Defendant was prosecuting Plaintiff, Defendant himself was "under investigation" for "rape." Compl. (ECF No. 1) at ¶ 5. Plaintiff further contends that during the trial, Defendant "presented coerced, tainted and false testimony from witnesses, who, he schooled and personally directed prior to and at trial violating Plaintiff's due process to a fair trial rights and purported [*sic*] a fraud upon the court." *Id*. at ¶ 6. Specifically, Plaintiff avers that Defendant attempted to "take the spotlight off his own ongoing sex crime investigation" by pursuing false charges against Plaintiff. *Id*. at ¶ 7. In support of his claims, Plaintiff attached to the Complaint a series of newspaper articles detailing charges filed on April 4, 2018, by the Commonwealth of Pennsylvania against Defendant for "intimidating witnesses; false misleading testimony; concealing and destroying evidence and several others." *Id*. at ¶ 10; *see also* Exhibits B, C (ECF Nos. 1-2, 1-3). Plaintiff sets forth claims against Defendant for "violations of his civil rights under the Fourteenth Amendment due process; prosecutorial misconduct and fraud upon the

---

[2] Plaintiff's judgment of sentence was affirmed on direct appeal, and he did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. *See Commonwealth v. Crespo*, 6 A.3d 574 (Pa. Super. 2010). Additionally, Plaintiff has at least two times sought and been denied relief pursuant to the Post Conviction Relief Act ("PCRA"). *See Commonwealth v. Crespo*, 83 A.3d 814 (Pa. Super. 2013) (affirming the denial of PCRA relief on Crespo's first, timely-filed PCRA petition); *Commonwealth v. Crespo*, 122 A.3d 1144 (Pa. Super. 2015) (affirming the denial of PCRA relief on Crespo's second, untimely-filed PCRA petition). Furthermore, in consideration of Plaintiff's petition for writ of habeas corpus, this Court filed a report and recommendation recommending that Plaintiff's petition be dismissed, and the District Judge adopted that report and recommendation. *See Crespo v. Higgins*, 2016 WL 8377537 (W.D. Pa. 2016), report and recommendation adopted, 2017 WL 819495 (W.D. Pa. 2017).

court." *Id*. at 4.

On August 26, 2020, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted and brief in support thereof. (ECF Nos. 8, 9). Plaintiff eventually filed a response,[3] and Defendant filed a reply. (ECF Nos. 20, 24).  The motion is now ripe for disposition.

## II.  STANDARD OF REVIEW

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).  The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*,

---

[3] Plaintiff's response to the motion to dismiss was due originally on October 9, 2020. (ECF No. 10).  However, due to issues with Defendant's ability to serve the motion to dismiss on Plaintiff, the time for Plaintiff's response was extended to October 23, 2020. (ECF No. 12).  This Court then permitted additional extensions of time, and Plaintiff filed a document entitled "Addendum" on March 9, 2021.  (ECF No. 20).  That Addendum included information that was responsive in nature to Defendant's motion to dismiss, as well as an affidavit by an individual who claims he was present to testify as a witness at Plaintiff's criminal trial in 2009, and Defendant spoke to that individual during the course of the trial. *See* Addendum (ECF No. 20); General Affidavit (ECF No. 20-1).

629 F.3d 121, 130-31 (3d Cir. 2010).  Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).  In a Section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Furthermore, "when a complaint is subject to dismissal under Rule 12(b)(6), the court

should permit a curative amendment." *Thompson v. Police Dep't of Philadelphia*, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011). "However, we need not provide a plaintiff with leave to amend if amendment would be inequitable or futile." *Id*. "Where a claim is frivolous, amendment is necessarily futile and, thus, leave to amend is not warranted. A claim is frivolous when it lacks an arguable basis in either law or in fact." *Id*. (internal citation and quotation marks omitted).

## III. DISCUSSION

### A. *Prosecutorial Immunity*

In his motion to dismiss, Defendant sets forth several arguments, including an argument that the complaint should be dismissed because Defendant is entitled to absolute prosecutorial immunity. Def.'s Br. (ECF No. 9) at 8-12.

> Prosecutors are afforded varying levels of official immunity depending upon the nature of the prosecutor's conduct. A prosecutor enjoys absolute immunity for those actions performed in a "quasi-judicial" role, which includes in-court activity as well as selected out-of-court behavior intimately associated with the judicial phase of the criminal process. By comparison, a prosecutor is entitled to qualified immunity for such actions taken in an investigative or administrative capacity.

*Zerby v. Waltz*, 2017 WL 386616, at *5 (M.D. Pa. 2017) (internal citations and quotation marks omitted).

In determining whether immunity applies to a prosecutor's action, "in a motion to dismiss, it is the defendant's conduct as alleged in the complaint that is scrutinized." *Fogle v. Sokol*, 957 F.3d 148, 161 (3d Cir. 2020) (internal quotation marks omitted). "[T]o earn the protections of absolute immunity, a defendant must show that the conduct triggering absolute immunity clearly appear[s] on the face of the complaint." *Id*. (internal quotation marks omitted). "The prosecutor bears the heavy burden of demonstrating entitlement to absolute immunity." *Brady v. Office of the Cty. Prosecutor, Cty. of Bergen*, 2020 WL 5088634, at *5 (D.N.J. Aug. 28, 2020).

Plaintiff's allegations against Defendant include actions taken by Defendant during the course of trial, including presenting "coerced, tainted and false testimony from witnesses." Compl. (ECF No. 1) at ¶ 6.  Because presenting witnesses at trial is "intimately associated with the judicial phase of the criminal process," Defendant is entitled to absolute immunity for this conduct. *Fogle*, 957 F.3d at 159-60.

However, Plaintiff also asserts allegations against Defendant for actions that occurred prior to Plaintiff's trial.  According to Plaintiff, Defendant presented at trial "false testimony from witnesses, who he schooled and personally directed prior to" trial.  Compl. (ECF No. 1) at ¶ 6. Additionally, Plaintiff claims he was prosecuted by Defendant "in an effort to take the spotlight off [Defendant's] own ongoing sex crime investigation."  *Id.* at ¶ 7.  Here, it is not clear whether Defendant's actions occurred prior to a decision to bring charges against Plaintiff or after that decision was made.  Thus, at this stage of proceedings, viewing the allegations in the light most favorable to Plaintiff, this Court cannot conclude that absolute prosecutorial immunity should be afforded to Defendant.

### B.  Fourteenth Amendment Due Process

According to Plaintiff, Defendant violated Plaintiff's Fourteenth Amendment rights by coercing the victim in Plaintiff's case to provide false testimony at trial in order to "take the spotlight off" Defendant's "ongoing sex crime investigation" and to give the "alleged victim in Plaintiff's case an opportunity to get revenge against [Plaintiff]." Compl. (ECF No. 1) at ¶ 7. Defendant argues that this claim should be dismissed because Plaintiff has set forth only bald allegations that do not rise to the level of a due process violation. Def.'s Br. (ECF No. 9) at 5-7.

In *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014), the Third Circuit held that "if a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant

has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Id*. at 294.  Instantly, viewing the allegations in the Complaint in the light most favorable to Plaintiff, Plaintiff claims that Defendant essentially coerced the victim into fabricating testimony that was the primary factor in Plaintiff's convictions for sexually assaulting that victim. In evaluating these allegations, this Court considers "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583.  The Court recognizes that discovery may well reveal that the alleged conduct of Defendant does not support these allegations; however, at this juncture, Plaintiff should be permitted to engage in discovery on this issue.   Thus, at this stage of the proceedings, Plaintiff has set forth a Fourteenth Amendment claim, and Defendant's motion to dismiss this claim is denied.

### C.  Malicious Prosecution and Abuse of Process

Plaintiff has also set forth allegations in the complaint for "prosecutorial misconduct" and "fraud upon the court."[4] Compl. (ECF No. 1) at ¶ 13. Defendant argues that these claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Def.'s Br. (ECF No. 9) at 7-8.

> It is well-settled that [t]o prove malicious prosecution [under § 1983]... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*McCormack v. Livergood*, 353 F. Supp. 3d 357, 364 (M.D. Pa. 2018) (internal quotation marks

---

[4] Neither of these terms is a recognized cause of action.  However, reading the complaint as a whole, Plaintiff appears to be claiming that his conviction is unlawful based upon the conduct of the prosecutor and that the prosecutor initiated the criminal action for an improper purpose.  These allegations translate most closely to claims of malicious prosecution and abuse of process, and this Court will evaluate both.

omitted).

In *Heck*, the Supreme Court held that

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87.

In this case, Plaintiff was convicted in state court of the crimes for which he was charged related to this incident. Thus, Plaintiff has failed to state a claim under section 1983 for malicious prosecution, and this claim is dismissed with prejudice.[5] *See Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 666 (W.D. Pa. 2010) ("A defendant can defeat a malicious prosecution claim by introducing conclusive evidence of probable cause, such as evidence of the plaintiff's conviction in the underlying criminal proceeding."). Moreover, this Court concludes that amendment of the Complaint at this juncture would be futile. *Thompson*, 2011 WL 4835831, at *2.

This Court now turns to Plaintiff's abuse of process claim.[6]

An abuse of process occurs when a party employs legal process against another primarily to accomplish a purpose for which it was not designed. "In contrast to a section 1983 claim for malicious prosecution, a section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose v. Bartle*, 871 F.2d 331, 350 n. 17 (3d Cir. 1989) (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)). Pennsylvania recognizes a cause of action for abuse of process where "the defendant (1) used a legal process against the plaintiff, (2) primarily to

---

[5] To the extent any or all of Plaintiff's criminal convictions are overturned on appeal, he may then bring a new action with these claims.

[6] It is not clear whether Plaintiff is setting forth a Section 1983 malicious abuse of process claim or a Pennsylvania state law abuse of process claim. Thus, this Court analyzes both together.

accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Rosen v. Am. Bank of Rolla*, [] 627 A.2d 190, 192 ([Pa. Super.] 1993). [T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant.

*Napier v. City of New Castle*, 407 F. App'x 578, 582 (3d Cir. 2010) (some internal citations and quotation marks omitted).

In the Complaint, Plaintiff asserts that Defendant instituted the criminal proceedings against him for the improper purpose of taking "the spotlight off his own ongoing sex crime investigation" and "to give the alleged victim in Plaintiff's case an opportunity to get revenge against him." Compl. (ECF No. 1) at ¶ 7. However, "the initial filing of criminal charges [], if improper, would constitute malicious prosecution, not abuse of process." *Napier*, 407 F. App'x at 582. In other words, in order to state a claim for abuse of process, Plaintiff would have to concede that the charges were filed legitimately, then Defendant only continued with prosecution for an improper purpose. That is not the claim Plaintiff is making; thus, this Court concludes that Plaintiff has failed to set forth an abuse of process claim under either Section 1983 or Pennsylvania state law, and Defendant's motion to dismiss both claims is granted. Moreover, this Court concludes that amendment of these claims would be futile. *Thompson*, 2011 WL 4835831, at *2.

## IV.    CONCLUSION

For all the foregoing reasons, this Court grants Defendant's motion to dismiss with respect to Plaintiff's claims for malicious prosecution and abuse of process. This Court denies Defendant's motion to dismiss with respect to Plaintiff's Fourteenth Amendment due process claim.

Dated: March 18, 2021.

<u>s/Cynthia Reed Eddy</u>
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     BARRY LEE CRESPO
        JD-1371
        SCI Mahanoy
        301 Morea Road
        Frackville, PA 17932

        Counsel of record
        (via ECF electronic notification)