IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | | |
|---|---|---|
| BARRY LEE CRESPO, | ) | |
| | ) | |
| Plaintiff, | ) | 3:20-CV-00141-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM JOSEPH HIGGINS, DISTRICT ATTORNEY OF BEDFORD COUNTY, PA; | ) ) ) | |
| | ) | |
| Defendant, | ) ) | |

## MEMORANDUM OPINION[1]

**Cynthia Reed Eddy, Chief United States Magistrate Judge.**

This prisoner civil rights action was initiated in this court on July 21, 2020, by *pro se* Plaintiff Barry Lee Crespo, who is incarcerated at SCI-Mahanoy. In his complaint, Plaintiff asserted various claims pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, and Pennsylvania state law against Defendant William Joseph Higgins, who was the District Attorney of Bedford County, Pennsylvania. *See* Compl. (ECF No. 1). This Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Presently before the Court is a motion by Defendant for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF Nos. 29, 30). For the reasons that follow, Defendant's motion is GRANTED.

**I.    BACKGROUND**

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 5, 23).

By way of background, on March 13, 2009, Plaintiff was convicted by a jury of numerous charges related to Plaintiff's sexual assault of a minor. Plaintiff was sentenced to an aggregate term of 20 to 40 years of imprisonment.[2] Defendant was the District Attorney who prosecuted Plaintiff's case.

According to Plaintiff, while Defendant was prosecuting Plaintiff, Defendant himself was "under investigation" for "rape." Compl. (ECF No. 1) at ¶ 5. Plaintiff further contends that during the trial, Defendant "presented coerced, tainted and false testimony from witnesses, who, he schooled and personally directed prior to and at trial violating Plaintiff's due process to a fair trial rights and purported [*sic*] a fraud upon the court." *Id*. at ¶ 6. Specifically, Plaintiff avers that Defendant attempted to "take the spotlight off his own ongoing sex crime investigation" by pursuing false charges against Plaintiff. *Id*. at ¶ 7. In support of his claims, Plaintiff attached to the Complaint a series of newspaper articles detailing charges filed on April 4, 2018, by the Commonwealth of Pennsylvania against Defendant for "intimidating witnesses; false misleading testimony; concealing and destroying evidence and several others." *Id*. at ¶ 10; *see also* Exhibits B, C (ECF Nos. 1-2, 1-3). Plaintiff set forth claims against Defendant for "violations of his civil rights under the Fourteenth Amendment due process; prosecutorial misconduct and fraud upon the court." *Id*. at 4.

---

[2] Plaintiff's judgment of sentence was affirmed on direct appeal, and he did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. *See Commonwealth v. Cresp*o, 6 A.3d 574 (Pa. Super. 2010). Additionally, Plaintiff has at least two times sought and been denied relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). *See Commonwealth v. Crespo*, 83 A.3d 814 (Pa. Super. 2013) (affirming the denial of PCRA relief on Crespo's first, timely-filed PCRA petition); *Commonwealth v. Crespo*, 122 A.3d 1144 (Pa. Super. 2015) (affirming the denial of PCRA relief on Crespo's second, untimely-filed PCRA petition). Furthermore, in consideration of Plaintiff's petition for writ of *habeas corpus*, this Court filed a report and recommendation recommending that Plaintiff's petition be dismissed, and the District Judge adopted that report and recommendation. *See Crespo v. Higgins*, 2016 WL 8377537 (W.D. Pa. 2016), report and recommendation adopted, 2017 WL 819495 (W.D. Pa. 2017).

On August 26, 2020, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted and brief in support thereof. (ECF Nos. 8, 9). On March 18, 2021, this Court entered an order granting in part and denying in part Defendant's motion to dismiss. Specifically, this Court dismissed with prejudice Plaintiff's claims for malicious prosecution and abuse of process. However, this Court denied Defendant's motion with respect to his Fourteenth Amendment due process claim. (ECF No. 25). This Court concluded that based upon the standard of review at that juncture, Plaintiff was entitled to discovery on his claim that Defendant essentially coerced the victim into fabricating testimony, which led to Plaintiff's convictions for sexually assaulting that victim.

On March 30, 2021, Defendant filed an Answer to the Complaint. (ECF No. 27). On April 24, 2021, Defendant filed a motion for judgment on the pleadings, and brief in support thereof, pursuant to Fed. Rule Civ. Pro. 12(c). (ECF No. 29, 30). Eventually, Plaintiff filed a response (ECF No. 49), and Defendant filed a reply. (ECF No. 50). This motion is now ripe for disposition.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings is not granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Pellegrino Food Products Co., Inc. v. City of Warren*, 136 F.Supp.2d 391, 399 (W.D.Pa. 2000); *Jablonski v. Pan American World Airways*, 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Society Hill Civil Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). "Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." *Atiyeh v. Nat'l Fire*

3

*Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (footnotes omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *In re Roberson*, 262 B.R. 312, 318 (Bankr. E.D. Pa. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "A party may raise a statute of limitations defense in a Rule 12(c) motion if its application is apparent on the face of the complaint." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 558 n. 7 (E.D. Pa. 2016).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a Section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

### III. DISCUSSION

In his motion to for judgment on pleadings, Defendant sets forth several arguments, including an argument that, as a matter of law, Plaintiff cannot establish a Fourteenth Amendment Due Process violation. *See* Def.'s Br. (ECF No. 30) at 6-11. In considering Defendant's previously filed motion to dismiss, this Court concluded this claim survived that motion by relying upon *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014), where the Third Circuit held that "if a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant

has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Id*. at 294.  *See* Memorandum Opinion (ECF No. 25) at 6-7.

Upon further review, it is evident that a Fourteenth Amendment Due Process claim based upon fabrication of evidence is only available to a plaintiff if and when his criminal conviction is overturned.

> [T]he plaintiff may bring a standalone cause of action under the Fourteenth Amendment pursuant to *Halsey*; however, *Heck*[3] can bar standalone fabrication of evidence claims. *See*, *e.g.*, *Ortiz v. N.J. State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (non-precedential) ("Ortiz's claims that the defendants fabricated and suppressed evidence are barred by *Heck* because success on those claims would necessarily imply the invalidity of her conviction."); *Webster v. Wojtowicz*, [] 2018 WL 4442220, at *3 (D.N.J. Sept. 17, 2018) ("Plaintiff's fabrication of evidence claim, for which the sole supporting factual allegation in the Complaint is that Defendants 'plant[ed] drug narcotics on [him],' is barred by *Heck*." (alterations in original) (footnote omitted)).
>
> *Heck* bars section 1983 actions which implicate the validity of an underlying criminal conviction unless said conviction has been invalidated. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. When such causes of action are brought under section 1983, *Heck* requires courts to determine
>
>> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.
>
> *Id*. (footnotes omitted).

*Klein v. Madison*, 374 F. Supp. 3d 389, 427 (E.D. Pa. 2019).

Instantly, Plaintiff's remaining claim is that Defendant coerced the witness to lie in an

---

[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

effort to bring the charges against Plaintiff for which he was ultimately convicted. In other words, Plaintiff's claim implicates the validity of his conviction, as a conviction based upon wholly fabricated evidence would indeed need to be overturned. Despite Plaintiff's numerous state-court appeals and federal writ of *habeas corpus*, Plaintiff's conviction has not been overturned. *See Klein*, 374 F.Supp 3d at 427 ("*Heck* bars [a] plaintiff's fabrication of evidence claim [where] (1) it implicates the validity of [the] criminal charges, and (2) [he or] she did not receive a favorable termination in [the] criminal proceeding."). Accordingly, this Court must dismiss Plaintiff's Due Process claim without prejudice for Plaintiff to bring it should criminal proceedings terminate in Plaintiff's favor.[4] *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (modifying the District Court's order dismissing plaintiff's malicious prosecution claim with prejudice to dismissal without prejudice where the plaintiff would be permitted to assert the claim "when termination of criminal proceedings becomes favorable").

### IV.     CONCLUSION

For the foregoing reasons, this Court grants Defendant's motion for judgment on the pleadings with respect to Plaintiff's Fourteenth Amendment due process claim, and Plaintiff's complaint is dismissed without prejudice. An appropriate Order follows.

Dated: September 20, 2021.

s/Cynthia Reed Eddy

---

[4] In this Court's Memorandum Opinion granting in part and denying in part Defendant's motion to dismiss for failure to state a claim, this Court dismissed with prejudice Plaintiff's claims for malicious prosecution and abuse of process. However, this Court further stated that "[t]o the extent any or all of Plaintiff's criminal convictions are overturned on appeal, he may then bring a new action with these claims." Memorandum Opinion (ECF No. 25) at 8 n.5. In light of the foregoing, and to clarify in the even there is any confusion, if Plaintiff's convictions are overturned on appeal at any point, in addition to his Section 1983 due process claim, Plaintiff may also assert his malicious prosecution and abuse of process claims.

Cynthia Reed Eddy<br>
Chief United States Magistrate Judge

cc:    BARRY LEE CRESPO
       JD-1371
       SCI Mahanoy
       301 Morea Road
       Frackville, PA 17932

       Counsel of record
       (via ECF electronic notification)